UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

v.    CR NO. 05-0363    (JMF)

**MICHAEL DOUGLAS,**

    **Defendant.**

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On the evening of June 23, 2005, officers entered defendant's row house at 2230 15th Street N.E., pursuant to a search warrant.

2. Officers found various stashes of crack cocaine around the residence, including over 200 zip-lock bags containing rocks of cocaine and at least 82 additional grams of cocaine, as well as a handgun, ammunition, marijuana, a digital scale, and unused zip-lock bags.

3. Defendant admitted, while detained in an upstairs bedroom and again on videotape at the police station, that he owned the drugs and the weapon that were

seized from the house.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

2. The history and characteristics of the person, including

      a.      His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

      b.      Past conduct, history relating to drug or alcohol abuse;

      c.      Criminal history;

      d.      Record concerning appearance at court proceedings;

      e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.      The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant was charged with possession of crack cocaine under the Controlled Substance Act. The circumstances of his arrest clearly indicate that he was selling drugs on a wholesale basis.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is employed as a car salesman in the community and resides with his uncle.

**The weight of the evidence.** The weight of the evidence is substantial. Officers recovered mass quantities of crack cocaine from the residence and defendant admitted ownership

of the drugs and the weapon in a videotaped confession.

**History relating to drug or alcohol abuse.** Defendant indicates substance use within the past 30 days, and current drug use is indicated.

**Record concerning appearance at court proceedings and prior criminal record.** Defendant has two prior convictions similar to the nature of the present charges. He has been twice sentenced to parole, one ending successfully, and one ending due to revocation.

**Whether on probation or parole at the time of the present offense.** Defendant was neither on parole nor probation at the time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. When officers entered defendant's residence pursuant to the search warrant, they found what can only be described as a drug-processing factory: large quantities of drugs, packaging materials, a digital scale, and a weapon to protect the stash or proceeds. All that was offered to rebut the presumption of dangerousness created by the Bail Reform Act was that defendant works and lives in the area. This is insufficient, and therefore, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant, Michael Douglas, detained without bond pending trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**June 29, 2005**